UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JACQUELINE R. GIAMBRA,

                              Plaintiff

                                                     DECISION AND ORDER

-vs-

                                                     11-CV-6308 CJS

ZELLER CORPORATION,

                              Defendant

_____

      This is an action alleging employment discrimination in violation of Title VII. To date, Plaintiff Jacqueline Giambra, who is proceeding *pro se*, has refused to provide discovery to Defendant. In that regard, on December 1, 2011, the Honorable Jonathan W. Feldman, United States Magistrate Judge, ordered that all mandatory disclosures under Rule 26(a)(1) be made by December 30, 2011. *See*, Scheduling Order (Docket No. 7). Defendant complied with the Order, but Plaintiff did not. On March 9, 2012, at Plaintiff's request, Judge Feldman issued an Amended Scheduling Order (Docket No. 15), directing that Mandatory Disclosures be made by April 2, 2012. Plaintiff requested the extension on the ground that her mother had recently died. Again, though, and despite several requests from Defendant, Plaintiff did not provide any discovery by the Court-ordered deadline. As a result, Defendant has been required to cancel two scheduled depositions of Plaintiff.

      On May 2, 2012, Defendant again wrote to Plaintiff to ask her cooperation in providing discovery. Defendant's letter concluded as follows: "[T]his is Defendant's final attempt to obtain mandatory disclosures. Should we receive no response from you by Monday, May 7, 2012, we will request the Court's intervention, and pursue dismissal and/or an appropriate remedy."

Having received no response, on May 15, 2012, Defendant filed the subject motion (Docket No. 17) to compel discovery, or in the alternative, to dismiss the action pursuant to Rules 37 and 41. In response, Plaintiff sent a letter to the Court, indicating that she felt that she was "being bullied." *See*, Pl. letter dated May 16, 2012. However, her letter provides no good reason for her failure to comply with the Court's Orders.

The Court is inclined to dismiss the action, because Plaintiff's failure to comply with the Court's Orders is completely unjustified. Moreover, from the Court's review of the Complaint, including the supplemental allegations filed in case number 11-CV-6005, it appears that Plaintiff's allegations of sexual harassment lack merit, and will eventually be dismissed in any event. Nevertheless, because Plaintiff is proceeding *pro se*, the Court will allow her one final opportunity to comply with her discovery obligations.

ORDER

It is hereby

ORDERED that Plaintiff shall provide Defendant's counsel with her mandatory disclosures under Federal Rule 26(a)(1) within seven (7) days of the date of this Decision and Order. In the event that Plaintiff fails to do so, the Court will dismiss the action with prejudice. If Plaintiff complies with this Decision and Order, Defendant's counsel shall request a further Scheduling Order from Magistrate Judge Feldman.

SO ORDERED.


Dated:   Rochester, New York
         July 26, 2012

                                    ENTER:


                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge