**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**



JACQUELINE R. GIAMBRA,

        Plaintiff,

v.

ZELLER CORPORATION,

        Defendant.

DECISION & ORDER
11-CV-6308-JWF

On June 17, 2015, the Court supervised settlement negotiations in this action.[1] As a result of those negotiations, the parties reached a settlement and the agreement was placed on the record. However, plaintiff refused to comply with the settlement's terms and instead moved to amend the agreement. On March 24, 2016, the Court issued a Decision and Order denying plaintiff's request to "amend" the settlement and granting plaintiff's court-appointed counsel's motion to withdraw from any further representation of plaintiff. Docket # 85. Thereafter, the Court found the settlement enforceable under the terms set forth on the record (Docket # 85) and judgment was entered (Docket # 88).

Pursuant to the judgment the defendant was directed to pay plaintiff $65,000.00 in full satisfaction of any and all claims

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c), the parties consented to the jurisdiction of this Court for all dispositive matters, including trial. Docket # 21.

set forth in her complaint within thirty (30) days after the receipt of mutual general releases for plaintiff, defendant, Gary Haseley (the former president of Zeller Corporation), and Jeffrey Arnold (plaintiff's former co-worker at Zeller Corporation) signed by plaintiff. Additionally, the judgment provided that should plaintiff refuse to comply with the settlement agreement and fail to deliver the releases contemplated by the settlement, the defendant shall deposit with the Court the judgment amount of $65,000.00 pursuant to Rule 67 of the Federal Rules of Civil Procedure. See Garrick v. Weaver, 888 F.2d 687, 694 (10th Cir. 1989) (affirming decision to deposit disputed judgment with the court because it "both ensured that the settlement fund would be available for disbursement and facilitated judicial economy by permitting the defendants, who no longer had an interest in the funds or the proceedings, to withdraw"); see also, United States Overseas Airlines, Inc. v. Compania Aerea Viajes Expresos De Venez., S.A., 161 F. Supp. 513, 515 (S.D.N.Y. 1958) (holding that a party "ready, willing and able to pay the judgment . . . . should be permitted to pay the amount of the judgment into court and to have the Clerk enter a satisfaction of judgment"). Upon making this payment, plaintiff was deemed to have released defendant, Gary Haseley, and Jeffrey Arnold from any and all claims through June 17, 2015, the date the settlement was placed on the record.

Plaintiff appealed the Court's determination enforcing the settlement. On December 15, 2016 the Second Circuit dismissed her appeal finding that "it lacked an arguable basis either in fact or in law." See Docket # 92. One week later, on December 22, 2016, the defendant deposited $65,000 with the Clerk of the Court, where the funds have remained.

On February 13, 2019 plaintiff called Court staff to ask whether she could now execute the required settlement documents and receive the settlement funds. Based on this inquiry, the Court directs that counsel for defendant confer with plaintiff to arrange for plaintiff to execute the documents that were required as a part of the settlement. Should plaintiff sign the releases and satisfy the remaining requirements of the settlement, defense counsel shall inform the Court in writing and the Court will issue another Order directing the Clerk of Court to release the settlement funds to the plaintiff.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: February 20, 2019
Rochester, New York

3